# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIOUS A. MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et.al.,<br><br>    Defendants. | Case No.: 1:20-cv-00451-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 8] |

Plaintiff Demetrious A. Moore is appearing *pro se* in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the instant action on January 13, 2020, in the United States District Court for the Middle District of Pennsylvania. On February 18, 2020, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 8.)

On March 27, 2020, the action was transferred to this Court.

## I.

## LEGAL STANDARD

28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or

1

security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

The Court may grant an indigent party permission to proceed *in forma pauperis* upon submission of an affidavit showing inability to pay the required fees. 28 U.S.C. § 1915(a). Proceeding "*in forma pauperis* is a privilege not a right." Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.' " Williams v. Latins, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, Temple v. Ellerthorpe, 586 F.Supp. 848, 851 (D.R.I. 1984) (quoting In re Stump, 449 F.3d 1297, 1298 (1st Cir. 19710) (*per curiam*)).

The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds). "The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." Temple v. Ellerthorpe, 586 F.Supp. at 850 (citing Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple, 586 F.Supp. at 850 (citing Brewster v. North American Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life. See Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. at 339-40. A " 'showing of something more than mere hardship must be made.' " Nastrom v. New Century Mortg. Corp., No 11-cv-1998-SAB (PS), 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting Martin v. Gulf States Utilities Co., 221 F.Supp. 757, 759 (W.D. La. 1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan. 12, 2012).

## II.

## DISCUSSION

Plaintiff has filed an application declaring that, due to his poverty, he is unable to pre-pay the full amount of fees and costs for these proceedings or give security therefor, and that he believes that he is entitled to the relief sought in his complaint. Plaintiff also submitted a certified copy of Plaintiff's inmate trust account statement showing the activity in Plaintiff's account for the previous six months.

Plaintiff's certified inmate account statement indicates that he currently has an available sum of $558.31 on account to his credit at the Federal Correctional Institution, Allenwood. Further, the average monthly balance of Plaintiff's account is $136.78, and during the past six months the average monthly deposits to Plaintiff's account is $1,588.22. (ECF Nos. 7, 8.)

Based on the foregoing, the information that Plaintiff has provided to the Court reflects that he is financially able to pre-pay the entire filing fee to commence this action. Although the Ninth Circuit Court of Appeals has held that "the filing fee … should not take the prisoner's last dollar," Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, Plaintiff has enough funds to pre-pay the $400 filing fee and have money left over. Plaintiff has also consistently spent funds on discretionary purchases. See id. (district court entitled to consider an inmate's choices in spending money, such as between a filing fee and comforts purchased in the prison commissary).

Should Plaintiff have additional information to provide the Court, or should his available balance change by the time he receives this order, he may notify the Court. However, the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets

and funds. See also Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs). Therefore, Plaintiff's application to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

## III.

## ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 8), be DENIED; and
2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 30, 2020**__

UNITED STATES MAGISTRATE JUDGE