UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIOUS A. MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et.al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00451-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

　　　　Plaintiff Demetrious A. Moore is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's complaint, filed on January 13, 2020, in the United States District Court for the Middle District of Pennsylvania.

　　　　On March 27, 2020, the action was transferred to this Court.

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

While incarcerated at the United States Penitentiary (USP), in Atwater, Plaintiff was denied access to the courts by unit manage Gardea and case manager Andrews.  Plaintiff was resentenced in 2011 and a new PSI was prepared by the Probation Office.  Plaintiff should have had two PSI's in his central file.  The first PSI was prepared in 2008, and the second in 2011.

After the denial of Plaintiff's direct appeal, he had one year to file a § 255 motion to vacate, set aside a sentence.  During this time, Plaintiff wrote a request to staff counselor Coggins and case manager Andrews requesting to review his 2011 PSI.  Plaintiff was told by case manager Andrews that he only had the 2008 PSI on hard copy in his file for review.  However, Andrews said he saw on his computer that there was a 2011 PSI, but he could only show him what is in his file.  Plaintiff sent a

request to staff unit manager Gardea requesting to review and make notes from his 2011 PSI, however, Plaintiff never received a response beyond "Get with your unit team."

Because the PSI is the only document in Plaintiff's file that contains information he was unaware of. Without the information, Plaintiff was unable to raise claims against the incorrect calculation of the sentencing guidelines, as well as an ineffective assistance of counsel claim. By being denied access to this information, Plaintiff was unable to raise his arguable claims in his timely filed § 2255 motion.

After being transferred from USP Atwater, Plaintiff eventually ended up in USP Allenwood. Plaintiff again requested to review his 2011 PSI. Plaintiff was again told that there was only a 2008 version in his file. Plaintiff then made a request to the unit manager, who made contact with the sentencing district and obtained a copy of the 2011 PSI and made it available to Plaintiff. The 2011 PSI is the only document which contains information to raise Plaintiff's claims. Although Plaintiff was able to file a timely § 2255 motion, however, the denial of the 2011 PSI left Plaintiff unaware of counsel's failure to object to an improper application of the sentencing guidelines. It was only when Plaintiff was transferred to USP Allenwood did he gain access to his 2011 PSI.

Plaintiff seeks compensatory damages.

## III.

## DISCUSSION

In this action, Plaintiff is attempting to sue employees of the United States because they allegedly interfered with this access to the Courts, in violation of the First Amendment.

Congress passed 42 U.S.C. § 1983 which entitles an injured person to sue for monetary damages if a state official violates his or her constitutional rights. However, "Congress did not create an analogous statute for federal officials." Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). In Bivens, the Supreme Court held that, even absent statutory authorization, a federal official could be sued for damages for an unreasonable search and seizure in violation of the Fourth Amendment. Bivens, 403 U.S. at 397; see Lanuza v. Love, 899 F.3d 1019, 1021 (9th Cir. 2018) ("Bivens is the first Supreme Court decision to recognize an implied right of action for damages against federal officers alleged to have violated a plaintiff's constitutional rights."). Since Bivens was decided the Supreme Court has

recognized an implied cause of action in two other cases involving other constitutional violations. Id.

In Ziglar, the Supreme Court set forth a two-part test for courts to use in order to determine whether a Bivens claim may proceed. Ziglar, 137 S. Ct. at 1859-60. First, the court must determine whether the case presents a new Bivens context. "If [a] case is different in a meaningful way from previous Bivens cases decided by [the Supreme Court], the context is new." Id. at 1859.

Second, if a case presents a new context for a Bivens action, the court must then determine whether there are any "special factors counselling hesitation in the absence of affirmative action by Congress." Ziglar, 137 S. Ct. at 1857 (citation omitted). The "special factors" inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" Id. at 1857-58. Ziglar specifically noted that, "if there is an affirmative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Ziglar, 137 S. Ct. at 1858. "In sum, if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III." Id.; see also id. at 1857 (stating that the Supreme Court has made it "clear that expanding the Bivens remedy is now a 'disfavored' judicial activity," which is "in accord with the Court's observation that it has 'consistently refused to extend Bivens to any new context or new category of defendants.'" (internal citations omitted)). Therefore, the Court considers if there is an implied Bivens cause of action for access to the courts.

The Supreme Court has implied a damages remedy under the U.S. Constitution in only three contexts: (1) Fourth Amendment unreasonable search and seizure in Bivens, 403 U.S. at 396-97; (2) Fifth Amendment gender discrimination in Davis v. Passman, 442 U.S. 228, 248-49 (1979); and (3) Eighth Amendment deliberate indifference to serious medical needs in Carlson v. Green, 446 U.S. 14, 19 (1980). "These three cases – Bivens, Davis, and Carlson – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." Ziglar, 137 S. Ct. at 1855.

///

"If the case is different in a meaningful way from previous Bivens cases decided by [the Supreme] Court, then the context is new." Ziglar, 137 S. Ct. at 1859. The Supreme Court has never implied a Bivens remedy under the First Amendment. Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."); Lee v. Matevousian, No. 1:18-cv-00169-GSA-PC, 2018 WL 5603593, at *3-4 (E.D. Cal. Oct. 26, 2018) (explaining that the Supreme Court has never implied a Bivens action under the First Amendment and declining to find an implied Bivens claim for First Amendment denial of access to courts); Winstead v. Matevousian, No. 1:17-cv-00951-LJO-BAM (PC), 2018 WL 2021040, at *2-3 (E.D. Cal. May 1, 2018) (same). Although prior to the Supreme Court's decision in Abbasi, the Ninth Circuit held that Bivens may be extended to First Amendment claims (Gibson v. United States, 781 F.2d 1334, 1342 (9th Cir. 1986)), since Abbasi, the Ninth Circuit has declined to extend the Bivens remedy to claims brought under the First Amendment. See Schwarz v. Meinberg, 761 F. App'x 732, 734-35 (9th Cir. 2019) (finding denial of access to courts claim was a "new Bivens context" and declining to extend private right of action), pet. for cert. filed (Sept. 3, 2019) (No. 19-5776); Vega, 881 F.3d at 1155 (declining to expand the Bivens remedy to First Amendment right to access to courts claim against private defendants). Cases decided prior to Abbasi are no longer controlling. See, e.g., Daniels v. Fed. Bureau of Prisons, No. ED CV 19-719-FMO (PLA) 2019 WL 3802195, at *4 n.1 (C.D. Cal. Aug. 12, 2019) (noting that cases decided prior to Abbasi are no longer controlling); Lee, 2018 WL 5603593, at*4 (same); Free v. Peikar, No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (noting that, nationwide, "district courts seem to be in agreement that, post-Abbasi, prisoners have no right to bring a Bivens action for violation of the First Amendment"). Therefore, Plaintiff's claim for denial of access to the courts presents a new Bivens context. Hence, the Court must evaluate whether special factors counsel against extending the Bivens damages remedy to this new context.

    1.    Special Factors Counsel Against Extending the Bivens Remedy in this Case

The Supreme Court has not defined what the special factors are that should be considered in determining whether to extend a Bivens remedy in a new context. Ziglar, 137 S. Ct. at 1857. The Ninth Circuit has found that Ziglar's "special factors include: the rank of the officer involved; whether Bivens is being used as a vehicle to alter an entity's policy; the burden on the government if such claims are

recognized; whether litigation would reveal sensitive information; whether Congress has indicated that it does not wish to provide a remedy; whether there are alternate avenues of relief available; and whether there is adequate deterrence absent a damages remedy, among other factors. Lanuza v. Love, 899 F.3d 1019, 1028 (9th Cir. 2018). But, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. Thus, to be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." Ziglar, 137 S. Ct. at 1857–58. Ziglar made it clear that, though extension of Bivens is disfavored, the remedy "may still be available in a case against an individual federal officer who violates a person's constitutional rights while acting in his official capacity." Lanuza, 899 F.3d at 1028.

Here, the Court finds that special factors counsel hesitation in implying a Bivens damages remedy in the context of a First Amendment claim for denial of access to the courts. As discussed in Ziglar, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action." Ziglar, 137 S.Ct. at 1865. It is clear that Plaintiff had or has alternative remedies available to him, including the Bureau of Prisons administrative grievance process, a federal tort claims action, the filing of a writ of habeas corpus, or injunctive relief. Indeed, it appears that Plaintiff utilized the administrative process in an effort to resolve his claims.

Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Id. As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

Id. (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new Bivens claim. Furthermore, Plaintiff has failed to allege actual injury in relation to his denial of access to the courts claim. Plaintiff contends only that the 2011 PSI

was necessary to raise claims of ineffective assistance of counsel and/or failure to object to the sentencing enhancements. (Compl. at 5, 7.) Indeed, Plaintiff acknowledges that he was able to file a timely § 2255 motion to vacate and/or set aside a sentence. (Compl. at 8.) In addition, the Court takes judicial notice of the fact that Plaintiff filed two separate § 2255 motions in his underlying criminal action in the United States District Court for the District of South Carolina (Greenville) in United States of America v. Demetrious A. Moore, case no. 6:08-cr-00124-HMH, Doc. Nos. 180 and 207. Both § 2255 motions raised Plaintiff's claim of ineffective assistance of counsel based on the sentencing guidelines and both motions were denied. See 06:08-cr-00124-HMH, Doc. Nos. 181 and 208. Therefore, Plaintiff has not and cannot demonstrate actual injury.

For these reasons, the Court finds that special factors counsel hesitation in this context and, thus, declines to find an implied Bivens cause of action under the First Amendment for the denial of access to the courts. See, e.g., Free v. Peikar, 2018 WL 1569030, at *2 (noting that nationwide, district courts seem to be in agreement that, post–Ziglar, prisoners have no right to bring a Bivens action for violation of the First Amendment). Consequently, Plaintiff has failed to state a cognizable claim against the named defendants for denial of access to the courts. Since this is a deficiency that cannot be cured by amendment, the Court concludes that granting leave to amend would be futile.

### IV.
### CONCLUSION AND RECOMMENDATIONS

The Court finds that a Bivens remedy should not be extended to Plaintiff's First Amendment denial of access to the courts claim in this action. Since no Bivens remedy exists, there are no facts that Plaintiff could plead to cure the deficiencies in his complaint, and it would be futile to provide Plaintiff with an opportunity to amend. Lopez, 203 F.3d at 1127; Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, Plaintiff may file written objections to this Findings and

Recommendation with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 16, 2020**

UNITED STATES MAGISTRATE JUDGE