UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIOUS A. MOORE,<br><br>                  Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA, et.al.,<br><br>                  Defendants. | Case No.: 1:20-cv-00451-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION<br><br>(Doc. No. 17) |

       Plaintiff Demetrious A. Moore is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff brings a claim for denial of access to the courts in violation of his rights under the First Amendment.  (Doc. No. 1.) He contends that certain prison officials failed to obtain and provide him with access to, a second presentence report ("PSR") prepared for his 2011 resentencing after his direct appeal.  (*Id*. at 5.) Plaintiff avers that the prison officials' failure hindered his access to the courts as he prepared a petition under 28 U.S.C. § 2255.  (*Id*.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On June 17, 2020, findings and recommendations were entered, recommending that this case be dismissed in light of the decision in *Ziglar v. Abbasi*, ___U.S.___, 137 S. Ct. 1843, 1857 (2017) (noting

1

that "expanding the *Bivens* remedy is now a disfavored judicial activity"). (Doc. No. 17.) The findings and recommendations were served on plaintiff and contained notice that objections were due within twenty-one days. (*Id.*) Plaintiff filed objections on July 20, 2020. (Doc. No. 18.)

In his objections, plaintiff contends that what the magistrate judge characterized as "alternative remedies" in plaintiff's case were, in fact, "mandatory precursors" to fulfill exhaustion requirements in order to reach the district court and request relief under *Bivens*. (Doc. No. 18 at 1–2.) Plaintiff further avers that he suffered actual injury because he discovered a § 2255 claim after gaining access to his 2011 PSR but his discovery came too late to receive a decision on the merits of that claim from the court. (*Id*. at 2, 3–4.) Plaintiff also argues that this is exactly the type of injury *Bivens* was intended to remedy. (*Id*. at 2–3, 4–5.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis. Under the Supreme Court's decision in *Abbasi* and the Ninth Circuit's decision in *Vega v. United States*, 881 F.3d 1146 (9th Cir. 2018), the court concludes that plaintiff has failed to allege a cognizable *Bivens* claim.

Accordingly:

1. The findings and recommendations issued on June 17, 2020 (Doc. No. 17), are adopted in full;
2. This action is dismissed; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **October 14, 2020**                         _____
                                                                             UNITED STATES DISTRICT JUDGE

2